Nott, J.
I have taken a different view of this case from a majority of the Court, and 1 will state the grounds of my opinion in a few words. I deem it quite immaterial whether this institution is to be considered as belonging to the United States or the City Council. The United States have jurisdiction of the subject matter of this suit. To provide for sick and disabled seamen, is the duty of the general government, and not of the individual States. Congress have passed several acts for that purpose, and have vested the President with a general superintending power over the subject. *357 1 Graydon's Digest, 384, 5, 6, 7. Twenty cents per month is retained of the wages of American seamen, which is to constitute a fund, to be used and employed by the President, as circumstances shall require, for their benefit and convenience. The President of the United States, by virtue of the power so vested in him, did authorize a contract to be made with the City Council to take -upon themselves the direction of the said hospital ; and also directed all the hospital moneys collected in the port of Charleston, to be paid over to them for that purpose. In addition to this, the Legislature, upon the application of the City Council, passed an act authorizing them to impose a duty of six cents per tori on all ships and vessels of the United States, in aid of the same object, anno 1804, whiclx’was sanctioned by Congress the 28th March, 1806. The City Council have therefore, by express contract, become the agents of the President, quo ad hoc, and have consented to be subject to, and governed by, the law's of the United States on this subject.
In addition to the provisions made for sick and disabled American seamen, it is further enacted, that each and every director of the marine hospitals within the United States shall, if it can with convenience be done, admit into the hospital sick foreign seamen, &c. Every seaman, so admitted,is made chargeable with seventy-five cents *358 per ¿ay, during the time he remains there, which the captain is made liable to pay, and the collector is prohibited to grant a clearance to the vefiSe| un{il {be money shall be paid. This provision is imperative on the director, “ if it can conveniently be done;” and if it cannot with convenience be done, he has no right to admit them at all. Mr. Boyd, therefore, required of the City Council, what, in one event, they had no right to refuse — in another, what th«y were not authorized to grant. But when they did admit this man, they must have done it subject to the provisions, and upon the terms of the act. They had the security in their own hands, and it was their neglect if they did not make use of it. Although the act does say he shall be admitted, on “ application of the master or commander,” an application by the consignee, in his behalf, must be considered a compliance with the spirit and meaning of it. If a personal application was necessary, the defendant is not liable; for it was his clerk, and not himself, that applied.
An agent is never personally liable, where his agency is known, unless he make himself so expressly. The defendant had no personal interest in the transaction. It was undertaking to answer for the debt or default of another, and ought to have been in writing. The case would admit of, and perhaps deserves, a fuller consideration than I have given it. But as a majority of my *359 brethren think the verdict ought to be supported, I have contented myself with giving this general view of the grounds on which my opinion has been formed.
Prioleau, for the motion.
Gadsden, contra.